**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-2201**

---

MEENAKSHI VENUGOPAL,

Plaintiff - Appellant,

versus

SHIRE LABORATORIES, INCORPORATED,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CA-02-3534-AW)

---

Argued:  May 26, 2005                    Decided:  June 16, 2005

---

Before WILKINS, Chief Judge, and WILKINSON and GREGORY, Circuit
Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Marc Jonathan Smith, SMITH, LEASE & GOLDSTEIN, L.L.C.,
Rockville, Maryland, for Appellant.  Steven William Ray, RAY &
ISLER, P.C., Vienna, Virginia, for Appellee.  **ON BRIEF:** Edward L.
Isler, Jeffrey L. Rhodes, RAY & ISLER, P.C., Vienna, Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Meenakshi Venugopal appeals a district court order granting summary judgment to Shire Laboratories, Incorporated (Shire) on Venugopal's claims arising from her former employment with Shire. We affirm.

I.

Shire is a pharmaceutical company based in Rockville, Maryland. In early 1999, Shire hired Venugopal, who is of Indian national origin, as its manager of preformulation sciences. Thereafter, Venugopal received generally strong performance evaluations and several salary increases. In addition, Venugopal was promoted to assistant director of preformulation sciences, resulting in an increase in compensation and change in title but no change in job responsibilities.

In December 2000, Shire began advertising to fill the position of head of preformulation sciences. Between October 2000 and January 2002, Shire interviewed five candidates for this position. Two of these candidates, the first of Chinese national origin and the second of American national origin, were offered the position; both declined. In January 2002, Shire interviewed Mark Ginski, who is of American national origin, for the position. The day after Ginski's interview, Venugopal inquired whether she could apply for the position; she was informed that she could apply. Venugopal submitted her application the next day. Soon thereafter, Shire

2

offered the position to Ginski, and he accepted it. A few months later, Venugopal resigned.

Venugopal subsequently brought this action alleging that (1) Shire's decision not to promote her was motivated by national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964, see 42 U.S.C.A. § 2000e-2(a)(1) (West 2003); and (2) Shire constructively discharged her in violation of Title VII, see id. Following discovery, Shire moved for summary judgment. The district court granted summary judgment to Shire on each of Venugopal's claims. Applying the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), the district court determined that Venugopal had established a prima facie case of national origin discrimination. The court ruled, however, that Shire had provided a legitimate nondiscriminatory reason for hiring Ginski instead of promoting Venugopal--namely, that Ginski was more qualified for the position. Further, the court determined that Venugopal had not presented sufficient evidence to create a genuine issue of material fact about whether Shire's proffered reason was pretextual. The district court also rejected Venugopal's constructive discharge claim, noting that Venugopal had failed to demonstrate that Shire's failure to promote her was discriminatory or that Shire otherwise deliberately subjected her to intolerable working conditions.

II.

After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Venugopal v. Shire Labs., 334 F. Supp. 2d 835 (D. Md. 2004).

AFFIRMED

4